## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**STEVE DOUGLAS GARTIN, et al.,**

      **Plaintiffs,**

v.                                                                                    **No. CIV-07-0385 WJ/LAM**

**CHAVES COUNTY BOARD OF COMMISSIONERS, et al.,**

      **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915 and Fed. R. Civ. P. 12(b)(6), to review various filings in this civil rights action. Plaintiffs are incarcerated and appear pro se. Plaintiff Steven Douglas Gartin, who signed the original complaint purporting to represent a class, and Plaintiff Christopher Romero have sought leave to proceed *in forma pauperis. Docs. 15, 29,* respectively. Plaintiffs Gartin, Romero, Ric Salas, Jr., and Robert C. Adams signed an amended complaint (*Doc. 10*); Plaintiff Gregory Scott Corn signed a purported supplemental complaint (*Doc. 22*); and other individuals have simply been identified as plaintiffs (*Doc. 22*). The complaint asserts claims against a number of defendants. Plaintiffs have corrected their pleadings to name the Chaves County Magistrate Court instead of the Chaves County Municipal Court. *See third* **Supplemental Civil Rights Complaint** *(Doc. 14),* signed and filed by Plaintiff Gartin.

The required filing fee for this civil rights complaint is $350.00. The filing fee has not been paid, and not all Plaintiffs have moved for leave to proceed IFP. Plaintiffs will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Plaintiffs Gartin and Romero will be granted

leave to proceed *in forma pauperis*, and, based on the information about their financial status (*Docs. 15, 29*, respectively), the Court will require an initial partial payment.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiffs' pro se complaints, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The record reflects that recent mailings to Plaintiffs Salas and Adams have been returned undelivered, and the file contains no other addresses for these Plaintiffs. *See, e.g., Docs. 17, 33, 34, 35, 36, and 37.* It appears that these Plaintiffs has been released from custody or transferred without advising the Court of their new addresses, as required by D.N.M.LR-Civ 83.6, and have therefore severed contact with the Court. Their failure to comply with the Court's local rules and statutes demonstrates a manifest lack of interest in litigating their claims. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980). Furthermore, Plaintiff Corn has not moved for leave to proceed *in forma*

2

*pauperis.*  Plaintiffs Salas, Adams, and Corn will be required to show cause why their claims should not be dismissed.  Failure to respond may result in dismissal of claims without further notice.

The record further indicates that all Defendants, except the public defenders, have entered appearances or answered Plaintiffs' various pleadings.  The Court may not grant relief on Plaintiff's allegations against the public defenders, whether as agencies or individuals.  A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316-17 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law").  A state agency is not a "person" for purposes of § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995), and may not be sued under the statute.  Furthermore, an individual public defender undertaking a defense does not act under color of state law for purposes of § 1983.  *See Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).  The Court will dismiss Plaintiffs' claims against the public defender defendants.

**IT IS THEREFORE ORDERED** as follows:

• the Clerk is directed to add Gregory S. Corn's name to the docket as a Plaintiff, and to delete Chaves County Municipal Court as a named Defendant;

- Plaintiffs' claims against Defendant New Mexico Public Defender and Chaves County Public Defender are **DISMISSED with prejudice**, and these Defendants are **DISMISSED** as parties to this action;

- *within twenty (20) days* from entry of this order, Plaintiffs Salas and Adams shall file responses indicating their current addresses or otherwise showing cause why their claims should not be dismissed;

- Plaintiff Corn shall pay the $350.00 filing fee or submit an application for leave to proceed *in forma pauperis*; and the Clerk is directed to send to Plaintiff Corn copies of the Prisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and initial Financial Certificates;

- Plaintiff Gartin's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (*Doc. 15*) and Plaintiff Romero's financial certificate (*Doc. 29*), construed herein as a motion for leave to proceed pursuant to 28 U.S.C. § 1915, are **GRANTED**; and, *within thirty (30) days* from entry of this order, Plaintiffs shall pay to the Clerk of the Court an initial partial payment of $31.33 or show cause why they have no means by which to pay the designated initial partial payment;

- Plaintiffs are required to make monthly payments of twenty percent (20%) of the preceding month's income credited to their accounts or show cause why they have no assets and no means by which to pay the designated payment; and the Clerk will provide Plaintiffs Gartin and Romero with copies of the post-filing financial certificate.

4

**IT IS SO ORDERED.**

**WILLIAM JOHNSON**
**UNITED STATES DISTRICT JUDGE**