IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE DOUGLAS GARTIN,

    Plaintiff,

v.                                           No. CV 07-0385 WJ/LAM

CHAVEZ COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Defendant Judge Charles C. Currier's Motion to Strike or, Alternatively, Motion to Dismiss* (*Doc. 32*) filed on August 14, 2007. No response to this motion has been filed.[2] Defendant Judge Charles C. Currier filed *Defendant Judge Charles C. Currier's Notice of Completion of Briefing on His Motion to Strike or, Alternatively, Motion to Dismiss* (*Doc. 39*) on September 24, 2007. For the reasons set forth below, the undersigned recommends that *Defendant Judge Charles C. Currier's Motion to Strike or, Alternatively, Motion*

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, pursuant to this local rule, the Court could deem Plaintiff's failure to file and serve a timely response as consent to grant the motion and could grant the motion on that basis. However, the Court prefers to consider the motion on substantive grounds because the interests of justice will be served by doing so.

*to Dismiss* (*Doc. 32*) be **GRANTED in part and DENIED AS MOOT in part**.  In deciding this matter, the Court has considered the foregoing motion, the record of this case and relevant law.

### *Defendant Currier's Motion*

Plaintiff is a prisoner who is proceeding *in forma pauperis*.[3]  He filed this action on April 19, 2007, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, and has filed at least eight amended complaints since then.[4]  Defendant Currier filed this motion in response to Plaintiff's *Supplemental Civil Rights Complaint - 7-17-07* (*Doc. 28)*, filed on July 25, 2007, where Plaintiff alleges that Judge Currier has violated Plaintiff's civil rights.[5]  Judge Currier moves to strike Plaintiff's *Supplemental Civil Rights Complaint - 7-17-07* (*Doc. 28),* because it was filed in violation of Fed. R. Civ. P. 15(a), or in the alternative, Judge Currier moves to dismiss Plaintiff's *Supplemental Civil Rights Complaint - 7-17-07* (*Doc. 28)* for failure to state a claim under Fed. R. Civ. P. 12.[6]  The Court will first address whether Plaintiff's *Supplemental Civil Rights Complaint - 7-17-07 (Doc. 28)* should be dismissed under Rule 12.

### *Standard for Motion to Dismiss*

---

[3] *See **Memorandum Opinion and Order** (Doc. 51)*, at 4, granting Plaintiff's motion for leave to proceed *in forma pauperis*.

[4] Plaintiff has filed the following complaints and amended complaints in this case: (1) ***Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986** (Doc. 1)*, filed April 19, 2007; (2) ***Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. [§ ] 1979** (Doc. 2)*, filed April 20, 2007; (3) ***Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § 1979** (Doc. 5)*, filed April 27, 2007; (4) ***Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964** (Doc. 10),* filed May 4, 2007; (5) ***Supplemental Civil Rights Complaint** (Doc. 14)*, filed June 29, 2007; (6) ***Supplemental Class Action Civil Rights Complaint Adding Plaintiffs and Defendant** (Doc. 16)*, filed July 5, 2007; (7) ***Supplemental [sic] Civil Rights Complaint** (Doc. 22)*, filed July 13, 2007; (8) ***Supplemental Civil Rights Complaint - 7-13-2007** (Doc. 30)*, filed July 18, 2007; and (9) ***Supplemental Civil Rights Complaint - 7-17-07** (Doc. 28)*, filed July 25, 2007.

[5] *See **Supplemental Civil Rights Complaint - 7-17-07** (Doc. 28)*, at 4.

[6] *See **Defendant Judge Charles C. Currier's Motion to Strike or, Alternatively, Motion to Dismiss** (Doc. 32)*, at 1.

The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To prevail on a motion to dismiss pursuant to Rule 12(b)(6), the defendant must show that, viewing the well-pleaded factual allegations in the plaintiff's complaint as true and in the light most favorable to the plaintiff, the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007); *Ton Servs. v. Qwest Corp.*, 493 F.3d 1225, 1235-36 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## *Judicial Immunity*

Judge Currier states that Plaintiff's **Supplemental Civil Rights Complaint - 7-17-07 *(Doc. 28)*** should be dismissed because Judge Currier is entitled to judicial immunity.[7] A judge is immune from civil damages liability, except for actions not taken in the judge's judicial capacity, or for actions that are judicial in nature but are taken "in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). Plaintiff alleges that Judge Currier denied Plaintiff's *habeas*

---

[7]*See **Defendant Judge Charles C. Currier's Motion to Strike or, Alternatively, Motion to Dismiss** (Doc. 32)*, at 3.

*corpus* hearing,[8] that Judge Currier ruled against Plaintiff "without considering any evidence from the [d]efense,"[9] and that Judge Currier "failed or neglected" to prevent constitutional deprivations of Plaintiff's rights.[10]  While Plaintiff states that Judge Currier was "operating in an administrative capacity to which no judicial immunity attaches,"[11] Plaintiff fails to make any specific allegations that Judge Currier acted outside of his judicial capacity.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").  Accordingly, the Court finds that judicial immunity applies to Defendant Judge Charles C. Currier and Plaintiff's claims against him should be dismissed.

### *Conclusion*

In conclusion, even after accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned agrees that Judge Charles C. Currier is entitled to judicial immunity.  Since the Court finds that the motion to dismiss in **Defendant Judge Charles C. Currier's Motion to Strike or, Alternatively, Motion to Dismiss** (*Doc. 32*) should be granted, the Court finds that the motion to strike should be **denied as moot**.

---

[8]*See **Supplemental Civil Rights Complaint - 7-17-07** (Doc. 28)*, at 2.

[9]*Id.* at 3.

[10]*Id.* at 4.

[11]*Id.* at 3.

**RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that *Defendant Judge Charles C. Currier's Motion to Strike or, Alternatively, Motion to Dismiss* (*Doc. 32*) be **GRANTED in part and DENIED AS MOOT in part**.

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**