# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVE DOUGLAS GARTIN,

      **Plaintiff,**

v.                                 **No. CV 07-0385 WJ/LAM**

CHAVEZ COUNTY BOARD OF
COMMISSIONERS, et al.,

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss* (*Doc. 26*). No response to this motion has been filed.[2] Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation (hereinafter "Defendants") also filed *Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves*

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

[2]"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, pursuant to this local rule, the Court could deem Plaintiff's failure to file and serve a timely response as consent to grant the motion and could grant the motion on that basis. However, the Court prefers to consider the motion on substantive grounds because the interests of justice will be served by doing so.

*County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Notice of Completion of Briefing on their Motion to Dismiss (Doc. 40)*. For the reasons set forth below, the undersigned recommends that *Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss (Doc. 26)* be **GRANTED**.  In deciding this matter, the Court has considered the foregoing motion, the record of this case and relevant law.

### *Defendant's Motion to Dismiss*

Plaintiff is a prisoner who is proceeding *in forma pauperis*.[3]  He filed this action on April 19, 2007, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, and has filed at least eight amended complaints since then.[4]   Defendants filed this motion to dismiss in response to Plaintiff's *Supplemental Civil Rights Complaint (Doc. 14)*, filed on June 29, 2007, where Plaintiff alleges that the Defendants, individually and collectively, have violated Plaintiff's civil rights.[5]  Plaintiff seeks

---

[3]*See **Memorandum Opinion and Order** (Doc. 51)*, at 4, granting Plaintiff's motion for leave to proceed *in forma pauperis*.

[4]Plaintiff has filed the following complaints and amended complaints in this case: (1) *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)*, filed April 19, 2007; (2) *Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. [§] 1979 (Doc. 2)*, filed April 20, 2007; (3) *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § 1979 (Doc. 5)*, filed April 27, 2007; (4) *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964 (Doc. 10)*, filed May 4, 2007; (5) *Supplemental Civil Rights Complaint (Doc. 14)*, filed June 29, 2007; (6) *Supplemental Class Action Civil Rights Complaint Adding Plaintiffs and Defendant (Doc. 16)*, filed July 5, 2007; (7) *Supplimental [sic] Civil Rights Complaint (Doc. 22)*, filed July 13, 2007; (8) *Supplemental Civil Rights Complaint - 7-13-2007 (Doc. 30)*, filed July 18, 2007; and (9) *Supplemental Civil Rights Complaint - 7-17-07 (Doc. 28)*, filed July 25, 2007.  Plaintiff has not obtained leave of the Court nor consent from opposing counsel for any of his amended complaints, in violation of Fed. R. Civ. P. 15(a).

[5]*See **Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss** (Doc. 26)*, at 1; ***Supplemental Civil Rights Complaint** (Doc. 14)*, at 2-3.

monetary damages, including punitive and exemplary damages.[6]  Defendants state that Plaintiff's claims against Defendants are barred by Eleventh Amendment immunity, prosecutorial immunity, and judicial immunity, and should be dismissed.[7]

### Standard for Motion to Dismiss

The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  To prevail on a motion to dismiss pursuant to Rule 12(b)(6), Defendant must show that, viewing the well-pleaded factual allegations in Plaintiff's complaint as true and in the light most favorable to Plaintiff, Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007); *Ton Servs. v. Qwest Corp.*, 493 F.3d 1225, 1235-36 (10th Cir. 2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Eleventh Amendment Immunity

Defendants state that the claims for damages against Defendants Chaves County District Attorney, Fifth Judicial District Court, and the New Mexico Department of Probation are barred by

---

[6]*See **Supplemental Civil Rights Complaint** (Doc. 14)*, at 5.

[7]*See **Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss** (Doc. 26)*, at 1-2.

Eleventh Amendment immunity.[8]   Under the Eleventh Amendment to the United States Constitution, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another State."  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  A suit against a state official acting in his or her official capacity is treated as a suit against the State.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bar can be overcome if the state consents to suit, Congress has abrogated the state's Eleventh amendment immunity, or a party seeks prospective injunctive relief.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir. 2002).  Congress has not abrogated Eleventh Amendment immunity for Section 1983 civil rights litigation.  *See Kentucky v. Graham*, 473 U.S. 159, 169 n.17.  Furthermore, New Mexico has not waived its Eleventh Amendment immunity.  *See* N.M. Stat Ann. § 41-4-4(F) (Eleventh Amendment immunity not waived).  Therefore, the Eleventh Amendment bars this action against the Chaves County District Attorney, Fifth Judicial District Court, and the New Mexico Department of Probation because they are state entities.

### Prosecutorial Immunity

Defendants claim that Defendant Michael Sanchez is immune from Plaintiff's damages claims under the theory of prosecutorial immunity.[9]  The Supreme Court has held that a prosecutor has absolute immunity from damages under §1983 when he or she "initiat[es] a prosecution and . . . present[s] the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Prosecutorial immunity also extends to actions brought under 42 U.S.C. §§ 1985 and 1986.  *See e.g., Snelling v. Westhoff*,

---

[8]*See* ***Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss*** (*Doc. 26*), at 2-3.

[9]*See* ***Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss*** (*Doc. 26*), at 3.

972 F.2d 199, 200 (8th Cir. 1992). Here, Plaintiff complains of Defendant Sanchez's prosecution of the case against Plaintiff, stating that Defendant Sanchez "intentionally and maliciously initiated" a case against Plaintiff.[10] Thus, Defendant Sanchez was acting in an area in which he was protected by absolute immunity and Plaintiff's claims against Defendant Michael Sanchez should be dismissed.

### *Judicial Immunity*

Finally, Defendants state that Judge Robert B. Corn is entitled to judicial immunity.[11] A judge is immune from civil damages liability, except for actions not taken in the judge's judicial capacity, or for actions that are judicial in nature but are taken "in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981). Plaintiff alleges that Judge Corn "joindered [sic] the conspiracy [along with the District Attorney and other officials]."[12] While Plaintiff states that Judge Corn was acting in a "purely administrative capacity, performing ministerial functions,"[13] Plaintiff fails to make any specific allegations that Judge Corn acted outside of his judicial capacity. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for

---

[10]*See Supplemental Civil Rights Complaint (Doc. 14)*, at 3.

[11]*See Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss (Doc. 26)*, at 4.

[12]*See Supplemental Civil Rights Complaint (Doc. 14)*, at 2.

[13]*Id.*

him where his allegations are merely conclusory in nature and without supporting factual averments."). Accordingly, the Court finds that judicial immunity applies to Defendant Judge Robert B. Corn and Plaintiff's claims against him should be dismissed.

### *Conclusion*

In conclusion, even after accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned agrees with Defendants that Defendants Chaves County District Attorney, Fifth Judicial District Court, and the New Mexico Department of Probation are entitled to Eleventh Amendment immunity, that Defendant Michael Sanchez is entitled to prosecutorial immunity, and that Defendant Judge Robert B. Corn is entitled to judicial immunity.

### **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that ***Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Judge Robert B. Corn, and the New Mexico Department of Probation's Motion to Dismiss*** (*Doc. 26*) be **GRANTED**.

**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**