# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**STEVE DOUGLAS GARTIN, et al.,**

     **Plaintiff,**

**v.**                                   **No. CV 07-0385 WJ/LAM**

**CHAVEZ COUNTY BOARD OF COMMISSIONERS, et al.,**

     **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

     **THIS MATTER** is before the Court on *Defendants City of Roswell and Roswell Police Department's Motion for Summary Judgment* (*Doc. 43*), filed on October 22, 2007.  No response to this motion has been filed.[2]  Defendants City of Roswell and Roswell Police Department (hereinafter "Roswell Defendants") also filed their *Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin* (*Doc. 46*) on October 23, 2007,[3] and *Notice of Completion of Briefing on*

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  Thus, pursuant to this local rule, the Court could deem Plaintiff's failure to file and serve a timely response as consent to grant the motion and could grant the motion on that basis.  However, the Court prefers to consider the motion on substantive grounds because the interests of justice would be better served by doing so.

[3] Roswell Defendants filed a *Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin* (*Doc. 44*) on October 22, 2007, as a motion for summary judgment, and then re-filed the identical document as a memorandum in support, which

*the City of Roswell's and Roswell Police Department's Motion for Summary Judgment as to Claims of Steve Gartin* (*Doc. 48*) on November 13, 2007.  For the reasons set forth below, the undersigned recommends that ***Defendants City of Roswell and Roswell Police Department's Motion for Summary Judgment*** (*Doc. 43*) be **GRANTED**.  In deciding this matter, the Court has considered the foregoing motion and memorandum in support, the record of this case and relevant law.

### Factual and Procedural Background

Plaintiff is a prisoner who is proceeding *in forma pauperis*.  He filed this action on April 19, 2007, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, and has filed at least eight amended complaints since then.[4]  Plaintiff's complaints against Roswell Defendants are as follows: (1) that they have engaged in "conspiracy by a meeting of the minds" to deprive citizens of constitutional rights;[5] (2) that Roswell Defendants have a custom and policy of conducting illegal warrantless

---

is *Doc. 46*.

[4]Plaintiff has filed the following complaints and amended complaints in this case: (1) *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986* (*Doc. 1*), filed April 19, 2007; (2) *Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979* (*Doc. 2*), filed April 20, 2007; (3) *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979* (*Doc. 5*), filed April 27, 2007; (4) *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964* (*Doc. 10*), filed May 4, 2007; (5) *Supplemental Civil Rights Complaint* (*Doc. 14*), filed June 29, 2007; (6) *Supplemental Class Action Civil Rights Complaint Adding Plaintiffs and Defendant* (*Doc. 16*), filed July 5, 2007; (7) *Supplemental [sic] Civil Rights Complaint* (*Doc. 22*), filed July 13, 2007; (8) *Supplemental Civil Rights Complaint ~ 7-13-2007* (*Doc. 30*), filed July 18, 2007; and (9) *Supplemental Civil Rights Complaint ~ 7-17-07* (*Doc. 28*), filed July 25, 2007.  Plaintiff has not obtained leave of Court nor consent from opposing counsel for any of his amended complaints, in violation of Fed. R. Civ. P. 15(a).  In the *Proposed Findings and Recommended Disposition* (*Doc. 78*), filed on January 11, 2008, the undersigned recommended that Plaintiff's *Supplemental Civil Rights Complaint* (*Doc. 14*), *Supplemental Class Action Civil Rights Complaint Adding Plaintiffs and Defendant* (*Doc. 16*), *Supplmental [sic] Civil Rights Complaint* (*Doc. 22*), and *Supplemental Civil Rights Complaint ~ 7-17-07* (*Doc. 28*), be stricken and not considered further.

[5]*See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986* (*Doc. 1*) at 5-6; *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964* (*Doc. 10*) at 8.

searches and seizures;[6] (3) that they have a policy of "encouraging police agents to commit perjury on official affidavits in order to make unlawful arrests;"[7] and (4) that Plaintiff was unlawfully arrested without a search or arrest warrant on February 21, 2007.[8]  Plaintiff seeks "injunctive and declaratory relief, direct, punative [sic] and exemplary damages."[9]

### Roswell Defendants' Motion for Summary Judgment

Roswell Defendants assert that they are entitled  to summary judgment pursuant to Fed. R. Civ. P. 56 because: (1) Plaintiff's arrest did not violate his constitutional rights; (2) Roswell Defendants are immune from liability under the New Mexico Tort Claims Act; and (3) Plaintiff fails to allege sufficient facts for his claim for injunctive relief.[10]

### A.  Standard for Motion for Summary Judgment

A court may grant summary judgment if a moving party demonstrates that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.[11]  A factual

---

[6]*See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)* at 6.  Plaintiff also alleges that Roswell Defendants have a custom and policy to conduct warrantless arrests in his *Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979 (Doc. 2)* at 4.

[7]*See Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979 (Doc. 2)* at 4.

[8]*Id.* at 5; *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964 (Doc. 10)* at 13.  Plaintiff also claims that the charges stated by Roswell Police Detective Marion on his affidavit are false and constitute perjury.  *See Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979 (Doc. 2)* at 5.

[9]*See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)* at 8. *See also Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979 (Doc. 2)* at 6; and *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964 (Doc. 10)* at 17-18.

[10]*See Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin (Doc. 46)* at 4-10.

[11]Fed. R. Civ. P. 56(c).

dispute is "material" only if it "might affect the outcome of the suit under the governing law."[12]  The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[13]  Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party.[14]  The nonmoving party may not rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial.[15]  Supporting and opposing affidavits must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated in the affidavit.[16]  Copies of documents, or parts of documents, referred to in an affidavit must be sworn or certified and either attached to, or served with, the affidavit.[17]  Only statements made with actual knowledge will support a motion for summary judgment and a court must disregard statements of mere belief.[18]  In considering a motion for summary judgment, a court assumes the evidence of the nonmoving party to be true and draws all justifiable inferences in the nonmoving party's favor.[19]  The essential inquiry on a motion for summary judgment is "whether the evidence

--------

[12]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[13]*See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

[14]*Id.* at 671.

[15]*See Applied Genetics Int'l., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also* Fed. R. Civ. P. 56(e).

[16]*See* Fed. R. Civ. P. 56(e).

[17]*Id.*

[18]*See Tavery v. United States*, 32 F.3d 1423, 1426 n. 4 (10th Cir. 1994).

[19]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[20]

## B.  Plaintiff's Constitutional Claims

First, the Court recommends that Roswell Defendants should be granted summary judgment on Plaintiff's claims that Roswell Defendants engaged in a conspiracy to deprive citizens of constitutional rights, that they have a custom and policy of conducting illegal searches, seizures, and arrests, and that they have a policy of encouraging police agents to commit perjury, because Plaintiff fails to make any specific allegations regarding these claims.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").

Second, Plaintiff's claim that he was illegally arrested on February 21, 2007, is disputed by Roswell Defendants because they state that his arrest was lawful under New Mexico law.[21]  Roswell Defendants submit an affidavit signed by Detective Marion that states that on February 21, 2007, Detective Marion received information from a Deputy United States Marshall that Plaintiff was wanted for "Failure to Appear for Bribery of an Official in Jefferson County, Colorado," that Plaintiff had fled from Colorado to New Mexico, and that Plaintiff had been charged with the felony crime of "Bribery of an Official in the State of Colorado."[22]  Roswell Defendants state that the warrant was confirmed to be for Plaintiff by "date of birth and social security number," and that they

---

[20]*Id.* at 251-52.

[21]*See Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin* (Doc. 46) at 4-6.

[22]*Id.* at 6 and Exhibit 1.

"confirmed a valid warrant and extradition with the entering agency."[23]  They state that under

N.M. Stat. Ann. §§ 31-4-13 and 31-4-14 (1978), the arrest of Plaintiff without a warrant was lawful

because they had received reasonable information that Plaintiff had been charged in another state

with a crime punishable by imprisonment for a term exceeding one year.[24]

    To conduct a lawful, warrantless arrest, the officer must have probable cause to arrest the

individual.[25]  "Probable cause to arrest exists when an officer has learned of facts and circumstances

through reasonably trustworthy information that would lead a reasonable person to believe that an

offense has been or is being committed by the person arrested."[26]  The Tenth Circuit has held that

"[o]fficers may rely on information furnished by other law enforcement officials to establish

reasonable suspicion, and to develop probable cause for arrest."[27]  Moreover, the United States

---

[23]*Id.*  Roswell Defendants do not explain precisely how they confirmed Mr. Gartin's date of birth and social security number, but Detective Marion, in the Criminal Complaint which he swore out against Plaintiff on February 22, 2007, states that Deputy United States Marshall Lee White and other detectives "did contact Mr. Gartin at the residence on Kentucky Street" in Roswell, New Mexico, and implies that the warrant out of Colorado was confirmed by Mr. Gartin's date of birth and social security number at that time. ***Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin*** *(Doc. 46)*, Exhibit 1, *Affidavit of William Marion*, Exhibit A thereto,  at  page 14 of 16.  The Criminal Complaint also states that "Police Dispatch did confirm a valid warrant and extradition with the entering agency." *Id.  See also Affidavit of William Marion,* Exhibit 1, at page 12 of 16.

[24]*Id.*  N.M. Stat. Ann § 31-4-14 (1978) states that "[t]he arrest of a person may be lawfully made also by any peace officer or a private person without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year," and Colo. Rev. Stat. § 18-8-306 (2007) (Attempt to influence a public official) states that "[a]ny person who attempts to influence any public servant . . . commits a class 4 felony," which has a minimum sentence of two years under Colo. Rev. Stat. § 18-1.3-401 (2007).

[25]*See Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

[26]*United States v. Najera*, 165 Fed. Appx. 700, 703-04 (10th Cir. 2006) (unpublished decision) (citing *United States v. Guerrero-Hernandez*, 95 F.3d 983, 986 (10th Cir. 1996)).

[27]*Ramirez v. City of Wichita*, 78 F.3d 597, *2, *3 (10th Cir. 1996) (unpublished decision) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1536 (10th Cir. 1995)) (holding that officers did not violate the Fourth Amendment when they arrested plaintiff without a warrant, relying on data from the National Crime Information Center computer which resulted in a match between plaintiff and a man with the same last name and identical birth date, weight, and physical description, even though it turned out that plaintiff was a different person).

Supreme Court has held that when a state issues a warrant for arrest and extradition, "the courts of the asylum state are without power to review the determination" of probable cause.[28]

The Court finds that the information given to Detective Marion by Deputy United States Marshall Lee White, the warrant and extradition from the State of Colorado issued for Plaintiff, which was confirmed by the Roswell Police Dispatch, and confirmation of Plaintiff's date of birth and social security number, constitute information that was reasonably trustworthy and sufficient to lead Officer Marion to believe Plaintiff had committed an offense and, thus, supplied probable cause for Plaintiff's arrest without a warrant.  Therefore, the undersigned recommends that Roswell Defendants' motion be granted as to Plaintiff's constitutional claims and that the Court enter summary judgment on these claims in favor of Roswell Defendants.

### B.  Immunity Under the New Mexico Tort Claims Act

Roswell Defendants assert that they are immune from Plaintiff's claims under the new Mexico Tort Claims Act (hereinafter "NMTCA"), N.M. Stat. Ann. § 41-4-4 (1978).[29]  They state that because "Detective Marion acted reasonably and had lawful authority to arrest [Plaintiff]," then immunity is not waived under the NMTCA.[30]

The threshold question in a motion for summary judgment based on qualified immunity, "is whether a constitutional or statutory right of the Plaintiff was violated by the actions" of the government official, and "[i]f no constitutional right would have been violated were the allegations

---

[28]*Michigan v. Doran*, 439 U.S. 282, 290 (1978).

[29]*See Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin (Doc. 46)* at 7-8.

[30]*Id.* at 8.

established, there is no necessity for further inquiries concerning qualified immunity."[31]   As established in Section B. above, Plaintiff 's constitutional rights were not violated by his warrantless arrest.  Plaintiff was arrested based on probable cause established by confirmation by the Roswell Police Department of a warrant and extradition from the State of Colorado, and thus no warrant was required for Plaintiff's arrest.  Therefore, the undersigned recommends that Roswell Defendants' motion be granted as to Plaintiff's state law claims and that the Court enter summary judgment on these claims in favor of Roswell Defendants

### C.  Plaintiff's Claims for Injunctive Relief

Finally, Roswell Defendants state that Plaintiff's claims for injunctive or declaratory relief to stop the "alleged 'scheme' to violate people's rights during arrest" fails because Plaintiff does not satisfy the "case or controversy" requirement of Article III of the United States Constitution.[32] Roswell Defendants rely on the Supreme Court case *City of Los Angeles v. Lyons*, 461 U.S. 95, 95-96 (1982), which held that, in order to establish the case or controversy requirement, "a plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct, and the injury or threat of injury must be 'real and immediate', not 'conjectural' or 'hypothetical.'"[33]  The Court finds support for Roswell Defendants' assertions in *Riggs v. City of Albuquerque*, 916 F.2d 582, 586 (10th Cir. 1990), where the Tenth Circuit held that summary judgment was not proper where plaintiffs had alleged that defendants

---

[31]*See Butler ex rel. Butler v. Rio Rancho Publ. Sch. Bd. of Educ.*, 245 F. Supp. 2d 1203, 1208, 1212 (granting summary judgment for defendant on claims arising under the NMTCA when there was "an absence of evidence to support the allegations of false arrest, false imprisonment or malicious abuse of process").

[32]*See Memorandum in Support of Defendants City of Roswell and Roswell Police Departments' [sic] Motion for Summary Judgment as to the Claims of Plaintiff Steve Gartin (Doc. 46)* at 8-10.

[33]*City of Los Angeles*, 461 U.S. at 95 (citations omitted).

continued to conduct the illegal activity complained of, and therefore plaintiffs there alleged a "cognizable, continuing injury which presents a case or controversy for the court to consider." Here, Plaintiff fails to allege any continuing injury, and instead alleges only speculative future harm which is grounds for summary judgment.[34]   Therefore, the undersigned recommends that Roswell Defendants' motion be granted as to Plaintiff's injunctive relief claims and that the Court enter summary judgment on these claims in favor of Roswell Defendants.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that ***Defendants City of Roswell and Roswell Police Department's Motion for Summary Judgment*** (*Doc. 43*) be **GRANTED** and that Plaintiff Gartin's claims against these Defendants be dismissed with prejudice.

*Lourdes a. Martinez*
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[34]*Id.* at 9-10.