IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE DOUGLAS GARTIN, et al.,

     **Plaintiff,**

**v.**                                                                          **No. CV 07-0385 WJ/LAM**

CHAVEZ COUNTY BOARD OF
COMMISSIONERS, et al.,

     **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff Gartin's *Motion for Protective Order* (*Doc. 12*).  On December 20, 2007, the Court entered an order directing the Court Clerk to mail copies of the motion to Defendants and setting a scheduling order for filing responses and replies.[2] Defendants Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center (hereinafter "Chaves County Defendants") filed *Defendant[s] Chaves County*

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]*See **Order to Serve and Scheduling Order Regarding Plaintiff's Motion for a Protective Order (Doc. 12), Motion to Add Additional Plaintiffs (Doc. 21), and Motion for Temporary Injunction (Doc. 27)** (Doc. 52).*

*Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's*

*Response to Motion for Protective Order* (*Doc. 60*) on January 2, 2008.[3]  For the reasons set forth

below, the undersigned recommends that Plaintiff Gartin's *Motion for Protective Order* (*Doc. 12*)

be **DENIED as moot**.  In deciding this matter, the Court has considered the foregoing motion, the

Chaves County Defendants' response, the record of this case and relevant law.

### *Plaintiff Gartin's Motion for Protective Order*

In his motion, Plaintiff Gartin is requesting a temporary and permanent injunction against the

Chaves County Detention Center and its employees to enjoin them from "all harassment, retaliation,

intimidation and tampering with all [p]laintiffs and [w]itnesses in the above noted case."[4]  As grounds

for his motion, Plaintiff Gartin states that: (1) on April 9, 2007, he was set up for an infraction and

was sent to the "hole" and lost all "privileges" for thirty days; (2) on March 22, 2007, a kitchen

worker was overheard threatening to poison Plaintiff Gartin's meal tray; and (3) on May 12 and 14,

2007, prison cells were searched "in what appear[ed] to be an attempt to intimidate witnesses from

joining this [c]ivil [r]ights action."[5]

Chaves County Defendants respond by arguing that Plaintiff Gartin's motion should be denied

because he does not meet the requirements for the issuance of an injunction.[6]  Specifically, Chaves

---

[3]In addition, a response titled ***Defendants Fifth Judicial District Attorneys, District Attorney Michael Sanchez, Chaves County Magistrate Court, the Honorable Magistrate Court Judge Robert B. Corn, the New Mexico Department of Probation, and the Honorable Judge Charles C. Currier's Response to Plaintiffs['] Motion for Protective Order (Doc. 12) (Doc. 67)*** was filed on January 2, 2008, stating that since Plaintiff Gartin's motion is addressed to the Chaves County Detention Center and its employees, the defendants named in this response take no position on the motion.

[4]*See **Motion for Protective Order** (Doc. 12) at 1 and 3.*

[5]*Id.* at 1-2.

[6]*See **Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Response to Motion for Protective Order** (Doc. 60) at 2.*

County Defendants state that Plaintiff Gartin "has not shown an irreparable [harm] will result because of the unavailability of an adequate remedy at law," and that Plaintiff Gartin was transferred to another facility on July 28, 2007, so "there is no likelihood of future harm because he is no longer incarcerated at [Chaves County Detention Center]."[7]

The Court finds that Plaintiff Gartin's removal from the Chaves County Detention Center moots his *Motion for Protective Order (Doc. 12)* because he is requesting injunctive relief.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (explaining that an inmate's release from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement).  *See also Love v. Summit County*, 776 F.2d 908, 910 n.4, 912 (10th Cir. 1985) (indicating that the general rule applies to a transfer between prisons); *Mitchell v. Estrada*, 225 Fed. Appx. 737, 741 (10th Cir. 2007) (unpublished decision).  *See also Pharmanex, Inc. v. HPF, LLC*, 221 F.3d 1352, 2000 WL 703164, * 2 (10th Cir. 2000) (unpublished decision) ("A claim is moot when there is no reasonable expectation that the alleged violation will recur and interim relief or events have eradicated the effects of the violation in question.").[8]

---

[7]*Id.* at 2-3.

[8]In addition to Chaves County Defendants' statement in their response that Plaintiff Gartin was transferred to another facility on July 28, 2007, Plaintiff Gartin states in his *Motion for Leave to Amend Complaint (Doc. 82)* at 4, that "[o]n or about 26 July 2007" he was transferred to "Jefferson County Jail in Golden, Colorado."

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that *Plaintiff's Motion for Protective Order* (*Doc. 12*) be **DENIED as moot**.

*Lourdes a. Martínez*

**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**