IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEVE DOUGLAS GARTIN, et al.,**

    **Plaintiff,**

**v.**                                              **No. CV 07-0385 WJ/LAM**

**CHAVEZ COUNTY BOARD OF**
**COMMISSIONERS, et al.,**

    **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

### **PROPOSED FINDINGS**

**THIS MATTER** is before the Court on Plaintiff Gartin's *Motion for Temporary Injunction* (*Doc. 27*). On December 20, 2007, the Court entered an order directing the Court Clerk to mail copies of the motion to Defendants and setting a scheduling order for filing responses and replies.[2] On January 3, 2008, Defendant Judge Charles C. Currier filed *Defendant Judge Charles C. Currier's Response to Motion for Temporary Injunction (Doc. 73).*[3] Plaintiff Gartin did not file a reply. For the reasons set forth below, the undersigned recommends that Plaintiff Gartin's *Motion*

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2]*See **Order to Serve and Scheduling Order Regarding Plaintiff's Motion for a Protective Order (Doc. 12), Motion to Add Additional Plaintiffs (Doc. 21), and Motion for Temporary Injunction (Doc. 27)** (Doc. 52).*

[3]In addition, a response titled ***Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Response to Motion for Temporary Injunction*** (*Doc. 61*) was filed on January 2, 2008, stating that Plaintiff Gartin's motion does not apply to those defendants so they do not take a position on it.

*for Temporary Injunction* (*Doc. 27*) be **DENIED**.  In deciding this matter, the Court has considered the foregoing motion, Defendant Currier's response, the record of this case and relevant law.

### *Plaintiff Gartin's Motion for Temporary Injunction*

In his motion, Plaintiff Gartin asks the Court to issue a temporary injunction against Judge Charles C. Currier to stay any further action by Judge Currier, including action on Plaintiff Gartin's extradition, until the New Mexico Supreme Court rules on Plaintiff Gartin's habeas corpus petition.[4] Judge Currier responds by stating that this Court is precluded from exercising jurisdiction under the *Younger* abstention doctrine.[5]

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court stated that the "basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine provides that "federal courts should not interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings - when a state forum provides an adequate avenue for relief."  *Weitzel v. Div. of Occupational and Prof'l Licens'g of Dept. of Commerce of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (citation omitted).  A federal court must abstain from hearing a case when three criteria are met: (1) state judicial proceedings are ongoing, (2) "the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests."  *Amanatullah v. Colorado Bd. of Med'l Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)

---

[4]*See* **Motion for Temporary Injunction** *(Doc. 27)* at 1.

[5]*See* **Defendant Judge Charles C. Currier's Response to Motion for Temporary Injunction** (*Doc. 73*) at 1.

(citation and internal quotation marks omitted); *see also Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). Once these conditions are met, abstention is not discretionary. *Weitzel*, 240 F.3d at 875.

Here, according to Plaintiff Gartin's motion he has a state appeal pending regarding Judge Currier's rendition order and he planned to file a petition for habeas corpus with the New Mexico State Supreme Court, so there is an ongoing state criminal proceeding which satisfies the first of the *Younger* criteria.[6] The second criteria is met as well because there is no indication from the pleadings that state law does not afford Plaintiff Gartin with an adequate forum to hear his claims. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) ("abstention is appropriate unless state law clearly bars the interposition of the [federal statutory] and constitutional claims") (alteration in original) (citation omitted). The third criteria is also satisfied because it is an important state interest for the states to enforce the orders and judgments of their courts. *See Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). Moreover, courts have held that *Younger* abstention doctrine is appropriate when plaintiffs seek to enjoin extradition proceedings. *See Alfred v. Whetsel*, 2007 WL 4342848, *2, n.1 (W.D. Okla. 2007) (unpublished decision) (abstaining under *Younger* doctrine when plaintiff sought injunction of extradition proceedings); *Mershon v. Kyser*, 852 F.2d 335, 336-37 (8th Cir.1988) (district court properly abstained under *Younger* when plaintiffs sought to enjoin extradition proceedings); *MacGuire v. Rasmussen*, 1989 WL 37448, * 1 (4th Cir. 1989) (unpublished decision) (*Younger* abstention doctrine foreclosed plaintiff's claim to enjoin an extradition). Thus, the Court should abstain under *Younger* from exercising federal jurisdiction over the relief sought by Plaintiff Gartin in this motion.

---

[6]*See **Motion for Temporary Injunction** (Doc. 27)* at 1.

3

**RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that *Plaintiff's Motion for Temporary Injunction* (*Doc. 27*) be **DENIED**.

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**