IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEVE DOUGLAS GARTIN,**

    **Plaintiff,**

v.                                                           **No. CV 07-0385 WJ/LAM**

**CHAVEZ COUNTY BOARD OF**
**COMMISSIONERS, et al.,**

    **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (*Doc. 79*)

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition* (*Doc. 79*) (hereinafter, "*PF&RD*"), filed on January 23, 2008. On February 5, 2008, Plaintiff filed a *Motion for Leave to Amend Complaint (Doc. 82)*, which the Court construes in part as objections to the *PF&RD*, and these objections are timely filed. Defendants did not file objections to the *PF&RD* and the time for filing objections has passed. The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Plaintiff objects, relevant portions of the record of this case and relevant law. Having done so, the Court has determined that Plaintiff's objections are without merit. Accordingly, the Court will overrule Plaintiff's objections; adopt the *PF&RD*; and grant *Defendants City of Roswell and Roswell Police Department's Motion for Summary Judgment (Doc. 43)*.

In Plaintiff's *Motion for Leave to Amend Complaint (Doc. 82)*, he appears to object to the Magistrate Judge's recommendation to grant Defendants City of Roswell and Roswell Police Department's (hereinafter "Roswell Defendants") *Defendants City of Roswell and Roswell Police*

***Department's Motion for Summary Judgment*** *(Doc. 43)* and dismiss Plaintiff's claims against the Roswell Defendants with prejudice. Specifically, Plaintiff states that he was unlawfully arrested because there was no valid warrant from Colorado for his arrest, and that the arresting officer should have obtained an arrest warrant under N.M. Stat. Ann. § 31-4-14 prior to arresting Plaintiff.[1] Plaintiff also appears to object to the Magistrate Judge's findings that (1) the Roswell Defendants should be granted summary judgment on Plaintiff's claims that they engaged in a conspiracy, and (2) that the Roswell Defendants have immunity under the New Mexico Tort Claims Act (hereinafter "NMTCA").[2]

In their ***Response to Plaintiff Steve Gartin's Motion to Amend Filed by City of Roswell and Roswell Police Department*** *(Doc. 91)*, the Roswell Defendants state that Plaintiff's arrest was lawful for the reasons stated in their motion for summary judgment and, in response to Plaintiff's claim that his arrest was unlawful because there is no valid warrant for his arrest from Colorado, Roswell Defendants attach a copy of the warrant from Colorado.[3] The Court agrees with the Magistrate Judge that Plaintiff's arrest was lawful based on the probable cause established by the Roswell Defendants prior to his arrest. Plaintiff's unsubstantiated claims that the warrant for his arrest from Colorado does not exist are without merit because, from the evidence before the Court, the warrant does exist.[4] Nevertheless, even if the warrant for Plaintiff's arrest was not valid or did not exist, the

---

[1] *See **Motion for Leave to Amend Complaint** (Doc. 82)* at 5-9.

[2] *Id.* at 5 and 8-9.

[3] *See **Response to Plaintiff Steve Gartin's Motion to Amend Filed by City of Roswell and Roswell Police Department** (Doc. 91)* at 4 and Exhibit 1.

[4] *Id.* The Court notes that it appears that Plaintiff was also extradited to Colorado, presumably on the basis of that warrant. *See **Motion for Leave to Amend Complaint** (Doc. 82)* at 4, where Plaintiff states that in July 2007, he was "transported to Jefferson County Jail in Golden, Colorado" and was released on bond there in August 2007.

Roswell Defendants presented ample evidence in their motion for summary judgment that the officer who arrested Plaintiff established probable cause for his arrest.[5]

In addition, Plaintiff's objection that Detective Marion should have obtained a warrant for his arrest pursuant to N.M. Stat. Ann. § 31-4-14 also fails.  Plaintiff states that N.M. Stat. Ann. § 31-4-14 requires a judge or magistrate to issue a warrant for the arrest of a person charged with the commission of a crime in another state.[6]  It appears that Plaintiff is actually quoting N.M. Stat. Ann. § 31-4-13, which states in part that a warrant shall be issued when a judge or magistrate has information from a credible person under oath before the judge or magistrate, or from the affidavit of a credible person in another state, that a person has been charged with the commission of a crime in another state.  New Mexico Stat. Ann. § 31-4-14, however, sets forth the conditions under which a person may be lawfully arrested *without a warrant* under New Mexico law.  *See* N.M. Stat. Ann. § 31-4-14 ("The arrest of a person may be lawfully made *also* by any peace officer or a private person without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year . . . .") (emphasis added).  The Court agrees with the Magistrate Judge that the proper inquiry for Plaintiff's Section 1983 claim is whether Plaintiff's arrest was constitutional, which requires the arresting officer to establish probable cause.  As stated above, the Court agrees with the Magistrate Judge that the Roswell Defendants established probable cause to arrest Plaintiff without a warrant, and thus

---

[5] *See **PF&RD** (Doc. 79)* at 7 ("[T]he information given to Detective Marion by Deputy United States Marshall Lee White, the warrant and extradition from the State of Colorado issued for Plaintiff, which was confirmed by the Roswell Police Dispatch, and confirmation of Plaintiff's date of birth and social security number, constitute information that was reasonably trustworthy and sufficient to lead Officer Marion to believe Plaintiff had committed an offense and, thus, supplied probable cause for Plaintiff's arrest without a warrant.").

[6] *See **Motion for Leave to Amend Complaint** (Doc. 82)* at 6.

3

Plaintiff's objection that the Roswell Defendants should have obtained a warrant under either N.M. Stat. Ann. § 31-4-13 or N.M. Stat. Ann. § 31-4-14 to arrest him is without merit.

Finally, Plaintiff has made no showing that the Roswell Defendants engaged in a conspiracy or that they do not have immunity under the NMTCA. The Court agrees with the Magistrate Judge that Plaintiff's claim that the Roswell Defendants engaged in a conspiracy to deprive citizens of constitutional rights is conclusory and, therefore, without merit. The Court also agrees with the Magistrate Judge that the Roswell Defendants established that they are entitled to qualified immunity under the NMTCA because Plaintiff's constitutional rights were not violated, and thus the Court finds that this objection has no merit.

**IT IS THEREFORE ORDERED** that, to the extent Plaintiff's *Motion for Leave to Amend Complaint* *(Doc. 82)* are objections to the Magistrate Judge's *Proposed Findings and Recommended Disposition* (*Doc. 79*), they are **OVERRULED** and the *Proposed Findings and Recommended Disposition* (*Doc. 79*) are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED**, for the reasons set forth in the *Proposed Findings and Recommended Disposition* (*Doc. 79*), that Roswell Defendants' *Defendants City of Roswell and Roswell Police Department's Motion for Summary Judgment* *(Doc. 43)* is **GRANTED** and Plaintiff's claims against the Roswell Defendants are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**HONORABLE WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**