IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEVE DOUGLAS GARTIN,**

    **Plaintiff,**

v.                                                          **No. CV 07-0385 WJ/LAM**

**CHAVEZ COUNTY BOARD OF**
**COMMISSIONERS, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

**THIS MATTER** is before the Court on ***Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Motion for Summary Judgement*** (*Doc. 47*) (hereinafter "***Motion***"), filed on October 29, 2007. No response to this motion was filed within the time prescribed.[2] On February 12, 2008, the Court ordered Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center to file by February 22, 2008, supplemental information relating to their defense that Plaintiff failed to exhaust administrative remedies, and for any response and reply to the supplemental briefing to be

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, pursuant to this local rule, the Court could deem Plaintiff's failure to file and serve a timely response as consent to grant the motion and could grant the motion on that basis. However, the Court prefers to consider the motion on substantive grounds because the interests of justice will be better served by doing so.

filed by March 3, 2008, and March 13, 2008, respectively.[3] On February 21, 2008, Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center filed their *Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Supplemental Brief to Their Motion for Summary Judgement (Doc. 90)*. Plaintiff filed a response to this supplemental brief on March 6, 2008, titled *Answer to Defendant's Motion for Summary Judgment (Doc. 93)*, and on March 13, 2008, a reply titled *Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Reply to their Supplemental Brief to Their Motion for Summary Judgement (Doc. 94)* was filed.[4] For the reasons set forth below, the undersigned recommends that *Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Motion for Summary Judgement* (*Doc. 47*) be **GRANTED** and Plaintiff's claims against Chaves County Board of Commissioners, Chaves County Sheriff, Chaves County Detention Center, and "John/Jane Does 1-20" be **DISMISSED with prejudice**. In deciding this matter, the Court has considered the foregoing motion, supplemental brief, response and reply to the supplemental brief, the record of this case and relevant law.

### *Factual and Procedural Background*

Plaintiff is a prisoner who is proceeding *in forma pauperis*. He filed this action on April 19, 2007, pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, and has filed at least eight amended

---

[3] *See Order to File Supplemental Briefing Regarding Exhaustion of Administrative Remedies (Doc. 88)* at 4.

[4] The Court notes that Plaintiff's response to the supplemental brief was filed three days after the deadline set by the Court, but in consideration of Plaintiff's *pro se* status, and because Plaintiff indicated that he signed and presumably mailed his response on the date of the deadline *(see* Plaintiff's *Answer to Defendant's Motion for Summary Judgment (Doc. 93)* at 4), the Court will consider this document as his timely response to the supplemental briefing ordered by the Court.

complaints since then.[5] Plaintiff's complaints against Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center (hereinafter "Chaves County Defendants") are as follows: (1) that Chaves County Defendants have engaged in "conspiracy by a meeting of the minds" to deprive citizens of constitutional rights;[6] (2) that the Chaves County Sheriff violated "the Due Process Clause of the Sixth Amendment and the Seventh Amendment" by agreeing to imprison people arrested unlawfully without a warrant;[7] (3) that the Chaves County Board of Commissioners "is responsible for fiduciary oversight and adherance [sic] to U.S. Bureau of Prison Standards" and the Chaves County Sheriff has a responsibility to ensure that "all prisoners are properly and lawfully held and all constitutionally secured rights maintained;"[8] and (4) that the conditions at the Chaves County Detention Center (hereinafter "CCDC") are overcrowded and unsanitary; that Plaintiff has been denied access to a law library, court files, telephone, U.S. mail, and

---

[5]Plaintiff has filed the following complaints and amended complaints in this case: (1) *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)*, filed April 19, 2007; (2) *Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979 (Doc. 2)*, filed April 20, 2007; (3) *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 (Doc. 5)*, filed April 27, 2007; (4) *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964 (Doc. 10)*, filed May 4, 2007; (5) *Supplemental Civil Rights Complaint (Doc. 14)*, filed June 29, 2007; (6) *Supplemental Class Action Civil Rights Complaint Adding Plaintiffs and Defendant (Doc. 16)*, filed July 5, 2007; (7) *Supplimental [sic] Civil Rights Complaint (Doc. 22)*, filed July 13, 2007; (8) *Supplemental Civil Rights Complaint ~ 7-13-2007 (Doc. 30)*, filed July 18, 2007; and (9) *Supplemental Civil Rights Complaint ~ 7-17-07 (Doc. 28)*, filed July 25, 2007. Plaintiff has not obtained leave of Court nor consent from opposing counsel for any of his amended complaints, in violation of Fed. R. Civ. P. 15(a). The Court has stricken Plaintiff's *Supplemental Civil Rights Complaint (Doc. 14)*, *Supplemental Class Action Civil Rights Complaint Adding Plaintiffs and Defendant (Doc. 16)*, *Supplimental [sic] Civil Rights Complaint (Doc. 22)*, and *Supplemental Civil Rights Complaint ~ 7-17-07 (Doc. 28)*. *See Proposed Findings and Recommended Disposition (Doc. 78)* and *Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 78) (Doc. 96)*.

[6]*See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)* at 5-6.

[7]*See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)* at 6; *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 (Doc. 5)* at 6.

[8]*Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964 (Doc. 10)* at 9.

"Inmate Handbook;" that CCDC employees are inadequately trained, educated, and supervised; that his mail has been tampered with; that the CCDC recruits and rewards "jail-house informants" with special immunities and privileges in violation of Plaintiff's equal protection rights under the Sixth and Fourteenth Amendments; that inmates are denied proper medical and dental treatment and care, fresh air, sunshine, exercise, healthy nutrition, affordable telephone rates, access to a chaplain, bibles and religious materials; and that Plaintiff was placed in solitary confinement without cause.[9] Plaintiff seeks "injunctive and declaratory relief, direct, punative [sic] and exemplary damages" and immediate release from imprisonment.[10]

### *Chaves County Defendants' Motion for Summary Judgment*

Chaves County Defendants assert that they are entitled to summary judgment because Plaintiff: (1) failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* (1995) (hereinafter "PLRA") for his allegations concerning the conditions at the CCDC; (2) failed to state a claim against the Chaves County Sheriff and Chaves County Board of Commissioners; and (3) failed to state a valid claim for conspiracy.[11]

---

[9] *See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 (Doc. 1)* at 8; *Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979* (Doc. 2) at 4-5; *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979* (Doc. 5) at 3-5; *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964* (Doc. 10) at 8, 9-11, 14-16; *Supplemental Civil Rights Complaint ~ 7-13-2007* (Doc. 30) at 1-3.

[10] *See Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986* (Doc. 1) at 8. *See also Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979* (Doc. 2) at 6; *Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979* (Doc. 5) at 7; and *Amended Complaint Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979 and 18 U.S.C.A. §§ 1961, 1962 and 1964* (Doc. 10) at 17-18.

[11] *See Defendants Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Motion for Summary Judgement* (*Doc. 47*) at 2-6. Chaves County Defendants also state that to the extent any of Plaintiff's claims fall under state law, they are entitled to sovereign immunity under the New Mexico (continued...)

### A. *Standard for Motion for Summary Judgment*

A court may grant summary judgment if a moving party demonstrates that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.[12] A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[13] The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[14] Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party.[15] The nonmoving party may not rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial.[16] Supporting and opposing affidavits must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated in the affidavit.[17] Copies of documents, or parts of documents, referred to in an affidavit must be sworn or certified and either attached to, or served with, the affidavit.[18] Only statements made with actual

---

(...continued)
Tort Claims Act, N.M. Stat. Ann. § 41-4-1, *et seq.* (1978), but they do not make any showing for this defense. *Id.* at 6. Since the Court can address all of Plaintiff's claims against Chaves County Defendants without reaching this argument, the Court need not address it.

[12] Fed. R. Civ. P. 56(c).

[13] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[14] *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

[15] *Id.* at 671.

[16] *See Applied Genetics Int'l., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also* Fed. R. Civ. P. 56(e).

[17] *See* Fed. R. Civ. P. 56(e).

[18] *Id.*

knowledge will support a motion for summary judgment and a court must disregard statements of mere belief.[19] In considering a motion for summary judgment, a court assumes the evidence of the nonmoving party to be true and draws all justifiable inferences in the nonmoving party's favor.[20] The essential inquiry on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[21]

### B. Plaintiff's Claims Regarding Conditions at the Chaves County Detention Center

Chaves County Defendants state that they are entitled to summary judgment for Plaintiff's allegations concerning the conditions at the CCDC because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* (1995) (hereinafter "PLRA").[22] As support for their *Motion (Doc. 47)*, Chaves County Defendants provided one affidavit, by a manager of the CCDC, which states that "[d]uring [Mr. Gartin's] detention at the Chaves County Detention Center Steve Gartin failed to fully utilize the facility's grievance procedures."[23] Because the Court was unable to determine from the *Motion (Doc. 47)* and affidavit what, if any, administrative remedies were available to Plaintiff, or the extent to which Plaintiff exhausted administrative remedies for any or all of his claims regarding prison conditions, the Court ordered Chaves County Defendants to supplement their motion "with any documents regarding

---

[19]*See Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994).

[20]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.

[21]*Id.* at 251-52.

[22]*See **Defendants Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Motion for Summary Judgement** (Doc. 47) at 2-5.*

[23]*Id.* at Exhibit A.

grievance procedures at the Chaves County Detention Center and Plaintiff's use of these grievance procedures, including any documents related to Plaintiff's alleged requests for administrative review and submission of 'General Purpose' forms."[24] Chaves County Defendants filed a supplemental brief providing: (1) the CCDC's grievance procedure in effect during the time period at issue in Plaintiff's claims regarding conditions at the CCDC; (2) a copy of a grievance filed by Plaintiff on April 11, 2007, challenging an administrative action denying Plaintiff certain privileges; and (3) a copy of a grievance filed by Plaintiff on June 25, 2007, challenging a disciplinary action.[25] Chaves County Defendants allege that Plaintiff did not exhaust the grievance procedures in effect for either of these grievances, and that he did not file any other grievances.[26]

In his complaints, Plaintiff makes allegations about his requests for administrative review[27] and attempts to submit "General Purpose" forms to request access to the law library and for legal documents.[28] In response to Chaves County Defendants' supplemental brief, Plaintiff states that he submitted "General Purpose" forms requesting an "Inmate Handbook," access to a law library, legal material, access to the courts, and that legal mail be sent, and he submitted copies of these requests

---

[24]See **Order to File Supplemental Briefing Regarding Exhaustion of Administrative Remedies** *(Doc. 88)* at 3.

[25]See **Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Supplemental Brief to Their Motion for Summary Judgement** *(Doc. 90)* at 1-2 and Exhibits A, B and C.

[26]*Id.* at 2.

[27]See **Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979** *(Doc. 5)* at 5.

[28]See **Supplemental Civil Rights Complaint ~ 7-13-2007** *(Doc. 30)* at 1-3.

as exhibits.[29] Plaintiff also states in his response that "Grievance Forms . . . were almost impossible to obtain," and he submits an identical copy of the June 25, 2007, grievance form filed by Chaves County Defendants.[30] In reply, Chaves County Defendants explain that they did not submit copies of the "General Purpose" forms that Plaintiff submitted with his response because they retain only copies of grievance forms, "General Purpose" forms that constitute grievances, and "General Purpose" forms related to medical issues, but do not retain copies of all "General Purpose" forms.[31] Chaves County Defendants state that Plaintiff did not exhaust his administrative remedies for the issues raised in the "General Purpose" forms submitted by Plaintiff because he failed to appeal any of them through the processes set forth in the CCDC's policy regarding grievance procedures.[32]

Under the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions. 42 U.S.C. § 1997e(a). *See also Booth v. Churner*, 532 U.S. 731, 740-41 (2001). Even where it appears that exhaustion of available remedies would be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Id. See also Sparks v. Foster*, 241 Fed. Appx. 467, 474 (10th Cir. 2007) (unpublished decision) (explaining that the Supreme Court's recent decision in *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007) does not change the requirement that an inmate must exhaust administrative remedies even if they are futile). An inmate must fully complete the entire administrative process, not just

---

[29]*See* **Answer to Defendant's Motion for Summary Judgment** *(Doc. 93)* at 1-2 and Exhibits 1, 2 and 3.

[30]*Id.* at 2 and Exhibit 4.

[31]*See* **Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Reply to Their Supplemental Brief to Their Motion for Summary Judgement** *(Doc. 94)* at 1-2. Chaves County Defendants also submitted the general purpose forms submitted by Plaintiff regarding his medical issues as Exhibits A through H.

[32]*Id.* at 2-3.

initiate the process. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.") (citation omitted).

Here, Plaintiff did not fully exhaust the administrative procedures set forth in the Policy titled "Chaves County Adult Detention Center Policy and Procedures," which requires inmates to file a grievance first with the "Shift Sergeant on duty," and appeal decisions he or she is not satisfied with to the Lieutenant, then the Administrator, and then to "any outside state agency for external review."[33] The record does not show, nor does Plaintiff allege, that he appealed any of his grievances, whether they were submitted on "General Purpose" or on "Grievance" forms. While Plaintiff states that he submitted multiple "General Purpose" forms requesting an "Inmate Handbook" and law library access, he does not indicate that he appealed any of the responses he received to his requests, as he was required to do to exhaust administrative remedies under the policy dealing with grievances.[34] Therefore, the Court finds that Plaintiff has not exhausted his administrative remedies, and the undersigned recommends that Chaves County Defendants' motion be granted as to Plaintiff's claims regarding conditions at the Chaves County Detention Center.

---

[33]*See **Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Supplemental Brief to Their Motion for Summary Judgement** (Doc. 90)* at 1, and Exhibit C.

[34]*See **Answer to Defendant's Motion for Summary Judgment** (Doc. 93)* at 1 (stating that he requested an "Inmate Handbook" "at least 3 times per week for almost six months," and "continued to submit General Purpose Forms" from February 21, 2007 to March 15, 2007, requesting access to a law library, when no law library is available at the CCDC).

### *C. Plaintiff's Conspiracy and Sixth and Seventh Amendment Claims*

Plaintiff alleges that Chaves County Defendants engaged in "conspiracy by a meeting of the minds" to deprive citizens of constitutional rights,[35] and that the Chaves County Sheriff violated the Sixth and Seventh Amendments by imprisoning people arrested unlawfully without a warrant.[36] Chaves County Defendants ask for summary judgment on these claims because they state that Plaintiff has failed to state a valid claim.[37] The Court agrees. Plaintiff fails to make any specific allegations regarding these claims. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citation omitted); *see also Tomkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (citation omitted). Plaintiff's allegations for these claims are conclusory, and, therefore, the undersigned recommends that Chaves County Defendants' motion be granted as to Plaintiff's conspiracy and Sixth and Seventh Amendment claims.

### *D. Plaintiff's Claims Against "John/Jane Does 1-20"*

In his ***Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986 R.S. 1979*** *(Doc. 2)*, Plaintiff names "John/Jane Does 1-20" as Defendants and states that "John/Jane Does

---

[35]*See **Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986** (Doc. 1)* at 5-6.

[36]*See **Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985 & 1986** (Doc. 1)* at 6; ***Civil Rights Complaint with Jury Demand Pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 & R.S. § [sic] 1979*** *(Doc. 5)* at 6.

[37]*See **Defendant[s] Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Motion for Summary Judgement** (Doc. 47)* at 3-5.

1-20 are currently unknown to Plaintiff but are policy makers, administrators and facilitators of customs and policies promulgated at the Chave[s] County Detention Center, Inc. [sic] and will be named by their true names upon discovery." *Id.* at 3.  Plaintiff has not made any further identification of John or Jane Does, Plaintiff never sought discovery of the names of these individuals throughout this proceeding, and Plaintiff has not made any allegations against them.  Under Fed. R. Civ. P. 12(b)(6), a court "may dismiss a case *sua sponte* . . . when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  *See Andrews v. Heaton, et al.*, 483 F.3d 1070, 1074, (10th Cir. 2007) (citations omitted) (upholding the district court's dismissal of claims against unnamed John and Jane Doe defendants when the complaint failed to include any allegations against them).  Therefore, the undersigned recommends that Plaintiff's claims against "John/Jane Does 1-20" be dismissed.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that *Defendants Chaves County Board of Commissioners, Chaves County Sheriff and Chaves County Detention Center's Motion for Summary Judgement* (*Doc. 47*) be **GRANTED** and that Plaintiff's claims against Chaves County Board of Commissioners, Chaves County Sheriff, Chaves County Detention Center, and "John/Jane Does 1-20" be **DISMISSED with prejudice**.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**